## In re Christopher V. ■
### (13295)

Peters, C. J., Healey, Callahan, Glass and Covello, Js.

Argued March 8—decision released May 3, 1988

*Daniel P. Weiner,* with whom, on the brief, was *Dan M. Schacht,* for the appellant (juvenile).

*Joanne Goldberg,* state's advocate, for the appellee (state).

COVELLO, J. The sole issue on this appeal is whether the trial court erred in ordering a successive commitment to the department of children and youth services of a child found delinquent for a second time pursuant to the authority contained in General Statutes §§ 46b-140[1] and 46b-141.[2] We conclude that such a dis-

[1] General Statutes § 46b-140 provides in relevant part: "(a) The court, if it finds that the child is delinquent and needs the care, discipline or protection of the state, may adjudge him delinquent and place him in the care of any institution or agency which is permitted by law to care for children, order the child to remain in his own home or in the custody of a relative or any other fit person subject to the supervision of the probation officer or withhold or suspend execution of any judgment. The court may also order such child to do work of which he is capable in public buildings and on public property or make restitution of the fruits of his offense or make restitution in an amount he can afford to pay or provide in a suitable manner for the loss or damage caused thereby, particularly in cases in which the adjudication of delinquency was upon an allegation that the conduct of such child resulted in the wilful destruction of property; provided competent acceptance of such disposition has been given by the child and his parent or guardian.

"(b) If the court further finds that its probation services or other services available to the court are not adequate for such child, the court shall commit such child to the department of children and youth services in accordance with the provisions of section 46b-141. Prior to making such commitment, the court shall consult with the department to determine the placement which will be in the best interest of such child."

[2] General Statutes § 46b-141 provides in relevant part: "(a) Except as otherwise limited by subsection (e) of section 46b-140, commitment of chil-

position is not authorized and remand the matter with direction to modify the disposition accordingly.

Examination of the record discloses that on April 2, 1986, the respondent was adjudicated delinquent and found to be a serious juvenile offender and committed to the custody of the department of children and youth services for an indeterminate time up to a maximum of four years. The record further discloses that on June 19, 1987, probation officer Joseph H. Paquin filed a verified petition alleging that the respondent was again delinquent, having committed the underlying offense of escape from custody in violation of General Statutes § 53a-171[3] on November 28, 1986. This second petition claiming further delinquency was filed because of the respondent's escape on November 28 from Long Lane School where he had been committed on April 2 as the result of the earlier adjudication.

On July 8, 1987, the respondent admitted commission of the underlying offense and the court entered a second finding of delinquency. On August 5, 1987, the court, *McGrath, J.,* committed the respondent to

dren adjudged delinquent by the superior court to the department of children and youth services shall be for an indeterminate time up to a maximum of two years, or, when so adjudged on a serious juvenile offense, up to a maximum of four years at the discretion of the court, unless extended as hereinafter provided.

"(b) The commissioner of children and youth services may petition the court for an extension of the commitment beyond such two-year period on the grounds that such extension is for the best interest of the child and the court shall give notice to the parent or guardian and to the child at least fourteen days prior to the hearing upon such petition. The court may, after hearing and upon finding that such extension is in the best interest of the child, continue the commitment for an additional period of not more than two years."

[3] "[General Statutes] Sec. 53a-171. ESCAPE FROM CUSTODY: CLASSIFICATION. (a) A person is guilty of escape from custody if he escapes from custody.

"(b) If a person has been arrested for, charged with or convicted of a felony, escape from such custody is a class C felony, otherwise, escape from custody is a class A misdemeanor."

the department of children and youth services for a further period of two years and ordered that the new commitment take effect upon the expiration of his present commitment. The effective date of the new commitment would be April 2, 1990. From this disposition the respondent has appealed.

Under Connecticut law a child may be found "delinquent" if he or she has (1) violated any federal or state law or municipal or local ordinance, or (2) violated any order of the Superior Court. General Statutes § 46b-120.[4] Upon a finding of delinquency, the court may: (1) place the child in the care of an institution or agency; (2) order the child to remain at home; (3) order the child to remain in the custody of a relative or other fit person subject to the supervision of a probation officer; or (4) withhold or suspend execution of any judgment. General Statutes § 46b-140 (a), see footnote 1, supra; *In re Robert H.,* 199 Conn. 693, 713–14, 509 A.2d 475 (1986). The court may also order the child "to do work . . . in public buildings and on public property or make restitution of the fruits of his offense or . . . in an amount he can afford to pay or [otherwise] provide in a suitable manner for the loss or damage," particularly in the event of wilful destruction of property. General Statutes § 46b-140 (a), see footnote 1, supra. If the court finds that the probation services or other available services are not adequate for the child, the court is authorized to commit the child to the department of children and youth services. General Statutes § 46b-140 (b), see footnote 1, supra; see also *In re Robert H.,* supra.

---

[4] General Statutes § 46b-120 provides in relevant part: "[A] child may be found 'delinquent' (1) who has violated any federal or state law or municipal or local ordinance, other than an ordinance regulating behavior of a child in a family with service needs as defined in this section or (2) who has violated any order of the superior court . . . . "

Commitments to the department of children and youth services are to be for an indeterminate time up to a maximum of two years, or in the event of a serious juvenile offense, up to a maximum of four years. General Statutes § 46b-141 (a), see footnote 2, supra. During such two year period (or four year period in the event of a serious juvenile offense), the commissioner of the department of children and youth services may petition the court for an extension of the commitment for an additional period not to exceed two years. General Statutes § 46b-141 (b), see footnote 2, supra. Commitments may be reopened and terminated at any time by the court. General Statutes § 46b-141 (c).[5] Extensions of existing commitments at the request of the commissioner are thus authorized. Successive commitments to be served in the future as a result of sequential petitions for findings of delinquency are not.

The objective of juvenile court proceedings is to "determin[e] the needs of the child and of society rather than adjudicat[e] criminal conduct. The objectives are to provide measures of guidance and rehabilitation . . . not to fix criminal responsibility, guilt and punishment." *Kent* v. *United States,* 383 U.S. 541, 554, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966); but see *In re Luis R.,* 204 Conn. 630, 634–35, 528 A.2d 1146 (1987). Thus the child found delinquent is not perceived as a criminal guilty of one or more offenses, but rather as a child in need of guidance and rehabilitative services. Commitments to the department of children and youth

---

[5] General Statutes § 46b-141 (c) provides in relevant part: "All other commitments of delinquent, mentally deficient or mentally ill children by the court pursuant to the provisions of section 46b-140, shall be for an indeterminate time. Commitments may be reopened and terminated at any time by said court, provided the commissioner of children and youth services shall be given notice of such proposed reopening and a reasonable opportunity to present his views thereon. The parents or guardian of such child may apply not more than twice in any calendar year for such reopening and termination of commitment."

services are authorized only after other services have been found inadequate for the child. General Statutes § 46b-140 (b), see footnote 1, supra. The commitments are indeterminate and may be extended beyond their original term only upon later application by the commissioner of the department of children and youth services. General Statutes § 46b-141 (b), see footnote 2, supra. Thus, absent a request to transfer a matter to the regular criminal docket, extension of the existing commitment is the statutorily authorized response to further allegations of misconduct arising during a period of commitment. See General Statutes §§ 46b-126 and 46b-127; cf. *Dart* v. *Mecum,* 19 Conn. Sup. 428, 116 A.2d 668 (1955) (juvenile court not authorized to suspend execution of a commitment).

The postadjudicatory treatment of children in the juvenile justice system is totally unlike that which occurs in the adult penal system, which views the disposition following a judgment of guilty as being a punishment in the form of fines, imprisonment, or both. General Statutes § 53a-28;[6] but see *In re Luis R.,* supra.

---

[6] "[General Statutes] Sec. 53a-28. AUTHORIZED SENTENCES. (a) Except as provided in chapter 368p, to the extent that such chapter is inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title.

"(b) Except as provided in sections 53a-45, 53a-46a, 53a-54b and 53a-92, when a person is convicted of an offense, the court shall impose one of the following sentences: (1) A term of imprisonment; or (2) a sentence authorized by sections 18-65a or 18-73 or (3) a fine; or (4) a term of imprisonment and a fine; or (5) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge; or (6) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a fine and a period of probation, or a period of conditional discharge; or (7) a fine and a sentence authorized by section 18-65 or 18-73; or (8) a sentence of unconditional discharge.

"(c) A sentence to a period of probation or conditional discharge in accordance with sections 53a-29 to 53a-34, inclusive, shall be deemed a revocable disposition, in that such sentence shall be tentative to the extent that it may be altered or revoked in accordance with said sections but for all other purposes it shall be deemed to be a final judgment of conviction."

In the adult system, consecutive sentences are specifically authorized to address the issue of the guilt of multiple crimes. General Statutes § 53a-37.[7] There is no similar provision for juvenile dispositions. We conclude, therefore, that the order entered was not authorized.

There is error and the matter is remanded to the trial court with direction to vacate the judgment of an additional commitment to the department of children and youth services for a period of two years commencing April 2, 1990.

In this opinion the other justices concurred.

---

[7] General Statutes § 53a-37 provides in relevant part: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed."